```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**BILLY WILKINSON, III,**

       Plaintiff,

v.                                    Civil Action No. 2:24-cv-00215

**ADT, LLC, and**
**JOSEPH MEISTER,**

       Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Billy Wilkinson, III's Motion to Remand (ECF No. 3), filed April 26, 2024.


## I. BACKGROUND

Plaintiff filed his complaint in the Circuit Court of Kanawha County on March 18, 2024, against defendants ADT, LLC ("ADT") and Joseph Meister.  See Compl. at 1, Notice of Removal Ex. 1, ECF No. 1-1.  Plaintiff, who had been employed by ADT, alleges that he was terminated in favor of a younger employee, in violation of the West Virginia Human Rights Act's prohibition on age discrimination.  Id. at ¶¶ 9, 12–15.  Meister, a supervisory employee at ADT, is alleged to have known the termination was illegal, "participated in the decision to

terminate," and "aided, abetted, incited and/or compelled [ADT] to engage in age discrimination." Id. at ¶ 11, 18-20. The complaint states that plaintiff and Meister are both residents of West Virginia and that ADT is a Delaware limited liability company doing business in Kanawha County, West Virginia. Id. at ¶¶ 2-4.

ADT removed the action on April 25, 2024, pursuant to the court's diversity jurisdiction, alleging "complete diversity between all parties" and that the amount in controversy is satisfied. See Notice of Removal at 1, ECF No. 1. The notice of removal states that summons was effectuated on ADT through the Office of the Secretary of State of West Virginia on March 27, 2024, and was received by ADT through its appointed agent on April 2, 2024. Id. at ¶ 3. The notice of removal says that "Defendant Meister has not yet been properly served by Plaintiff." Id. at ¶ 5. ADT does not contest that Meister is a resident of West Virginia, but disregards his citizenship because he had yet to be served. Id. at ¶ 12. The notice of removal states that ADT is a Delaware corporation with its principal place of business in Florida. Id. at ¶ 13.

According to ADT's Rule 7.1 Corporate Disclosure Statement, ADT "is an indirect, wholly owned subsidiary of ADT Inc., a publicly traded corporation." Disclosure Statement, ECF

No. 8.  The disclosure statement does not, nor does ADT otherwise, state where ADT Inc. is incorporated and in which state it maintains its principal place of business.

Plaintiff filed his Motion to Remand (ECF No. 3), and a concurrent memorandum in support (ECF No. 4) on April 26, 2024, arguing that the court does not have jurisdiction because of the lack of complete diversity between the parties.  See Mot. at 1-2.  Defendant ADT filed a response (ECF No. 9) on May 7, 2024, and plaintiff replied (ECF No. 10) on May 14, 2024.  In his reply, plaintiff seeks an award of attorney fees and costs related to the removal because of the frivolity of removal.  See Reply at 3-4.

## II. LEGAL STANDARD

"Article Three courts are courts of limited jurisdiction, possessing only the authority granted by the Constitution and Congress."  Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (citing Strawn v. AT & T Mobility LLC, 530 F.3d 293, 269 (4th Cir. 2008)).  28 U.S.C. section 1332 provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. §

1332(a)(1). If a plaintiff files in state court but a federal court would also have jurisdiction over the case, a defendant may remove the case to federal court by "fil[ing] in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).

Diversity jurisdiction under section 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C., 636 F.3d 101, 103 (4th Cir. 2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)) (emphasis added); see also Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 222 (4th Cir. 2019). By statute, "a corporation . . . [is] deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 79 (2010). A limited liability company is a citizen of the state or states of which its members are citizens. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 701 (4th Cir. 2010).

Because of inherent federalism concerns, removal jurisdiction is strictly construed, and the removing party bears the burden of demonstrating jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005).

### III. ANALYSIS

A.   Diversity Jurisdiction

There is clearly not complete diversity among the parties.  Plaintiff and defendant Meister are both citizens of West Virginia as alleged in the complaint, and ADT does not dispute Meister's citizenship.  ADT instead argues that removal is proper because there was complete diversity of all served parties.  Resp. at 10–11.  ADT relies heavily on McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924 (4th Cir. 1992), and the so-called forum-defendant rule of 28 U.S.C. section 1446(b).  McKinney is easily distinguishable; the issue addressed therein was the consent of defendants to removal based on the timing of service and removal.  955 F.2d at 925–26. In McKinney, there was complete diversity between the parties and the case was otherwise removable but for the potential issue of consent of all defendants.  Id.  The issue here is not

5

whether all defendants consented to removal, but whether there is a basis for removal at all.

ADT's assertion that there is diversity jurisdiction because Meister had not yet been served when ADT filed its notice of removal, and its reference to the fact that Meister has not yet been served in this federal action, is similarly misplaced. The determination of federal jurisdiction "is fixed at the time the . . . notice of removal is filed." Dennison v. Carolina Payday Loans, Inc., 549 F.3d 941, 943 (4th Cir. 2008); see also Carter v. Acadia Healthcare Co., 705 F. Supp. 3d 597, 600 (S.D.W. Va. 2023) (Johnston, C.J.). That determination is based on the citizenship of the parties, regardless of whether they have been served. See Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939) ("the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"); Fleshman-Massey v. First-Citizens Bank & Tr. Co., No. 5:21-cv-00443, 2021 WL 4755988, at *2 (S.D.W. Va. Oct. 12, 2021) (Volk, J.). Thus, because ADT does not contest that Meister is a citizen of West Virginia, nor does it assert that Meister was fraudulently joined, there is not complete diversity of the parties at the moment of removal.

ADT's related reference to the forum-defendant rule is unavailing. It is well-established that the forum-defendant

rule "'does not provide an additional basis for jurisdiction.'" Carter, 705 F. Supp. 3d at 602 (quoting McDonald v. Altice Tech. Servs. US Corp., No. 2:19-cv-00784, 2020 WL 5665795, at *7 (S.D.W. Va. Sept. 23, 2020)); see also M & B Oil, Inc. v. Federated Mut. Ins. Co., 66 F.4th 1106, 1110 (8th Cir. 2023); ("the forum-defendant rule only applies when the case is . . . 'otherwise removable'"); New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); Cook v. Bob Evans Farms, Inc., No. 2:11-cv-01017, 2012 WL 407261, at *1 (S.D.W. Va. Feb. 8, 2012) (Goodwin, J.); Fleshman-Massey, 2021 WL 4755988, at *2; Lovett v. Bright Horizons Children's Ctr., LLC, No. SA-20-CV-688-XR, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020) ("For the forum-defendant rule to even be triggered, the civil action must be 'otherwise removable solely on the basis of' diversity jurisdiction.").  Thus, the forum-defendant rule is inapplicable; it cannot create jurisdiction where none exists.

Accordingly, the court lacks jurisdiction to hear this matter.

7

B.   <u>Award Attorney Fees and Costs</u>

In his reply, plaintiff asks for an award of attorney fees and costs related to the removal pursuant to 28 U.S.C. section 1447(c).  <u>See</u> Reply at 3.  Plaintiff says that ADT attempted to remove in the face of the plain language of the removal statute and the existing caselaw, and "engaged in obfuscation" and made frivolous arguments when faced with these defects.  <u>Id.</u>

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court of the United States has written that the appropriate test thereunder "should turn on the reasonableness of removal."  <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005).  The Court explained that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  <u>Id.</u>  The court need not find that the removing party acted in bad faith, but instead looks "to reimburse a party for the costs associated with responding to an improper removal."  <u>Allen v. Monsanto Co.</u>, 396 F. Supp. 2d 728, 733 (S.D.W. Va. 2005) (citing <u>Watson v.</u>

8

Charleston Hous. Auth., 83 F. Supp. 2d 709, 712 (S.D.W. Va. 2000)).

In Carter, 705 F. Supp. 3d 597, this court granted attorney fees and costs to the plaintiff where the defendant "lacked an objectively reasonable basis for removal." 705 F. Supp. 3d at 603. As here, "the lack of diversity jurisdiction [was] apparent on the face of the complaint," and the defendant "fail[ed] to cite a single case in this district or the Fourth Circuit wherein removal was deemed proper in spite of a lack of complete diversity among the parties." Id. In Fleshman-Massey, 2021 WL 4755988, this court, faced with a remarkably similar case to the one presently before the court, awarded attorney fees and costs to the plaintiff for responding to the improper removal, explaining: "Complete diversity is absent; removal was improper. Additionally, First-Citizens [the removing defendant] relied upon multiple cases that were clearly inapposite under the circumstances." 2021 WL 4755988, at *3.

The present action is comparable to Fleshman-Massey and Carter and satisfies the Supreme Court's standard for awarding attorney fees and costs for improper removal under section 1447(c). ADT removed despite the lack of complete diversity on the face of the complaint, cited cases that were clearly distinguishable, and proceeded on its course despite the

9

well-established caselaw – including a number of recent cases from this district – in which the type of action it pursued was rejected by the court in no uncertain terms. In short, ADT "lacked an objectively reasonable basis for seeking removal." <u>Martin</u>, 546 U.S. at 141. Accordingly, plaintiff is entitled to a fee and costs award based upon the objectively unreasonable removal.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Remand and his request for an award of attorney fees and costs be, and hereby are, GRANTED. It is ORDERED that plaintiff file a petition for fees and costs containing an itemized recitation of the hourly rate, hours and costs devoted to obtaining remand. This matter be, and it hereby is, REMANDED to the Circuit Court of Kanawha County, West Virginia. The Clerk is directed to remove this action from the court's docket.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties, and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

ENTER: September 23, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

10