```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**BILLY WILKINSON, III,**

      Plaintiff,

v.                                  Civil Action No. 2:24-cv-00215

**ADT, LLC, and**
**JOSEPH MEISTER,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Petition for Fees & Costs, filed October 21, 2024. ECF No. 20. The defendants do not object to the petition.

### I.  Background

The factual and procedural background of this employment action was set forth in the court's September 23, 2024, memorandum opinion and order and is incorporated herein by reference. Mem. Op. and Order, ECF No. 16. In that order, the court granted plaintiff's motion for remand and his request for an award of attorney fees and costs. See id. The court further ordered that plaintiff file a petition for fees and costs containing an itemized recitation of the hourly rate, hours and

costs devoted to obtaining remand.  Id. at 10.  Plaintiff, by counsel, filed the pending motion representing that counsel expended 15.9 hours challenging the removal of the case at a rate of $450.00 for a total of $7155.00.  See Pl's Pet. for Fees & Costs at 2-3, ECF No. 20.

## II.  Discussion

The calculation of appropriate attorney fees begins with the "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Brodziak v. Runyon, 145 F. 3d 194, 196 (4th Cir. 1998).  Next, the court applies the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (abrogated by Blanchard v. Blanchard, 489 U.S. 87, 94 (1989), to determine the reasonableness of the submitted hours and rate.  The twelve factors identified in Johnson include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-19.

A reasonable hourly rate is one consistent with the market rate in the district in which the trial court sits. Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986). The court also considers the skill and experience of the prevailing attorney(s) to similar lawyers of comparable skill, reputation, and experience to determine whether the claimed fee is reasonable. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). S.D.W. Va. 2009) (Goodwin, J.).

Plaintiff's counsel represents that $450.00 per hour is a reasonable hourly rate for his services. He avers that plaintiff entered into a contingency fee agreement, so plaintiff was not billed at an hourly rate for his counsel's services in obtaining remand. Id. at ¶ 7. Instead, counsel proffers that he is a senior attorney at his Charleston-based law firm, has been engaged in the practice of law since 2003, and has principally litigated plaintiffs' employment cases. Id. at ¶ 8 n.1. He provides as exhibits to his petition copies of orders from various Circuit Courts of West Virginia and one order from the Southern District of West Virginia in which the courts awarded to similarly situated attorneys amounts like that requested by plaintiff. Id.; see also Ex. 2-4. Plaintiff also

3

includes as an exhibit an itemized invoice representing the work he conducted in this case related to removal and remand. Id., Ex. 1.

Inasmuch as plaintiff's counsel has provided justification of reasonableness under the Johnson factors and the defendants do not object to plaintiff's petition, the court finds the requested hourly rate of $450.00 to be reasonable in the Charleston market, and 15.9 hours to be reasonable for the work by plaintiff's counsel associated with removal and remand.

Accordingly, plaintiff's counsel is entitled to fees and costs in the amount of $7155.00.

### III. Conclusion

For the foregoing reason, the court GRANTS the Plaintiff's Petition for Fees & Costs and DIRECTS defendants to pay plaintiff $7155.00 in attorney fees and costs.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 15, 2025

John T. Copenhaver, Jr.
Senior United States District Judge